**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LANA REED, DONNA REED,      )
ANDREW REED and            )
CHARLES JAMISON, JR.,       )
                           )
        Plaintiffs,       )
        v.                )    C.A. No.:  N24C-09-036 SSA
                           )
APPOQUINIMINK SCHOOL        )
DISTRICT, AMMIR BREWSTER,   )
MAON MURRAY and FIRAS       )
ELBASHIER,                  )
                           )
        Defendants.       )

Submitted: August 11, 2025
Decided: August 21, 2025

## <u>MEMORANDUM OPINION</u>

Plaintiffs Lana Reed and Charles Jamison, Jr. attended a high school football game at Appoquinimink High School in September of 2022.  While on their way to the car, they were shot.  Pertinent for this motion is Count 3 of the Complaint, which alleges negligence on the part of Defendant Appoquinimink School District (hereinafter "District Defendant").

### *Factual Background*

The facts are taken from the Complaint.  District Defendant advertised and sold tickets to a football game.  The number of people who attended exceeded the parking available on-premises.  The District Defendant and/or its agents directed

1

attendees to park off-premises.  The Complaint alleges that "[a]t all relevant times, Plaintiffs Lana Reed and Charles Jamison, Jr. were lawfully on the premises of AHS."  The Complaint alleges that the remaining Defendants "entered AHS' property."

### *Standard of Review on a Motion to Dismiss*

The standard by which this Court reviews a motion to dismiss filed pursuant to Superior Court Civil Rule 12(b)(6) is well-established.  The Court must accept as true all well-pleaded allegations;[1] however, claims that are "clearly without merit" will be dismissed.[2]  Further, the Court will not "accept conclusory allegations unsupported by specific facts."[3]  A motion to dismiss shall be denied "unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[4]  The Court must draw every reasonable factual inference in favor of Plaintiff.[5]

This matter involves an analysis of 18 Del. C. § 6511 which provides as follows:

---

[1] *Sterling Network Exchange, LLC v. Digital Phoenix Van Buren, LLC*, 2008 WL 2582920, at *4 (Del. Super. Mar. 28, 2008) (citing *Lesh v. Appriva*, 2006 WL 2788183, at *3 (Del. Super. June 15, 2006)).

[2] *Caldera Properties-Lewes/Rehoboth v. Ridings Dev., LLC*, 2008 WL 3323926, at *11 (Del. Super. June 19, 2008) (quoting *Wilmington Trust Co. v. Politzer & Haney, Inc.*, 2003 WL 1989703, at *2 (Del. Super. Apr. 25, 2003)).

[3] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

[4] *E.I. Du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. Feb. 29, 2008) (citing *Atamian v. Gorkin*, 1999 WL 743663, at *5 (Del. Super. Aug. 13, 1999)).

[5] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531 (Del. 2011).

The defense of sovereignty is waived and cannot and will be asserted as to any risk or loss covered by the state insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance, and every commercially procured insurance contract shall contain a provision to this effect, where appropriate.

The General Assembly also passed a limitation on civil liability, which is found at 10 Del. C. § 4001, and provides, in pertinent part:

"…no claim or cause of action shall arise….against the State or any public officer or employee, including members of any board, commission, conservation district or agency of the State….in any civil suit or proceeding at law….where the following elements are present:

(1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer….;

(2) The act of omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and

(3) The act of omission complained of was done without gross or wanton negligence"

To make this decision, the Court must first determine if there is insurance coverage. If there is coverage for the acts alleged, then the Court must look to the State Tort Claims Act to determine whether this statute provides immunity for District Defendant. The District Defendant has insurance, but whether it applies depends on whether Plaintiffs were either on the premises of AHS or on property controlled by District Defendant. That appears to be a fact in dispute. Once the matter of insurance coverage is determined, Delaware law requires Plaintiff plead

3

with particularity sufficient facts to overcome the potential bars of 10 Del. C. § 4001.[6]

To allow a more thorough record from which to properly decide these issues, the Court will Deny the Motion to Dismiss, Without Prejudice. The parties will conduct limited discovery to determine the location of the events, so that a determination can be made regarding whether the insurance policy applies. As for whether the Complaint meets the pleading requirements to satisfy the State Tort Claims Act, the Court is not deciding that issue at this time because the first question is whether sovereign immunity is waived through the purchase of insurance coverage applicable to the claimed negligence. The Court is mindful that "questions of qualified immunity must be resolved at the earliest possible stage of litigation."[7] As such, the Court will impose a 90-day deadline for this discovery.

NOW, THEREFORE, the Motion to Dismiss is Denied, without prejudice. The parties have 90 days to complete limited discovery as to whether Plaintiffs were either on the premises of AHS or property controlled by the District.

**IT IS SO ORDERED**.

/s/**Sonia Augusthy**
Judge Sonia Augusthy

---

[6] *Greenfield as Next Friend for Ford v. Miles,* 211 A.3d 1087, 1101 (Del. 2019); *Hsu v. Wooters,* 2023 WL 6460278 (Del. Super.).
[7] *J.L. v. Barnes,* 33 A.3d 902, 915 (Del. Super.).